UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SUHAIL BASHIR, | ) | Civil Action No._____ |
| | ) | |
| Plaintiff | ) | |
| | ) | **COMPLAINT** |
| -v- | ) | |
| | ) | |
| EMIRATES, | ) | |
| | ) | |
| Defendant | ) | |

## Introduction

The plaintiff, Suhail Bashir, brings this action against the defendant, Emirates, for personal injuries sustained by plaintiff during an international flight contracted for and performed by the defendant, Emirates, on an airline ticket issued in the United States. This action is for damages, pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, 28 May 1999) (hereinafter, the "Montreal Convention").

## Parties

1. Plaintiff, Suhail Bashir, is a citizen of the Commonwealth of Massachusetts who resides at 19 Hudson Street, Milton, Norfolk County.

2. Defendant, Emirates, is a foreign corporation organized and existing under the laws of Dubai with a principal office of Airport Road, Al Garhoud, Dubai, FF 00000 ARE. Defendant's registered agent is CT Corporation System of 155 Federal ST., STE 700, Boston, Massachusetts 02110.

3. Emirates has a regular place of business in the Commonwealth of Massachusetts, operating flights to and from Logan International Airport in Boston, Massachusetts.

**Jurisdiction and Venue**

4.     This Court has federal question jurisdiction pursuant to 28 USC sec. 1331(a) in that the action arises under federal law or treaties and diversity jurisdiction pursuant to 28 USC sec. 1332 in that the matter exceeds the sum of $75,000.00 and is between a citizen of the Commonwealth and a citizen or subject of a foreign state.

5.     This action is governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 300, 2 Bevans, 983, 137 L.N.T.S. 11 (the "Warsaw Convention"), as altered by the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention 1999") and related agreements and protocols.

6.     This Court has jurisdiction pursuant to Article 33 of the Montreal Convention 1999, in that Emirates is an air carrier that provides services for the carriage of passengers by air using either its own aircraft or another carrier's aircraft pursuant to a code share or other commercial agreement within the meaning of the Montreal Convention 1999.

7.     The plaintiff is domiciled in Massachusetts having a principal and permanent residence in Milton, Massachusetts.

8.     The defendant is a foreign corporation with a principal place of business in Al Garhoud, Dubai.

9.     The subject flight involved "international carriage" as defined under Article 1 of the Montreal Convention 1999.

10.    The plaintiff's injuries alleged herein resulted from an "accident" on board the subject aircraft in the course of international carriage within the meaning of the Montreal Convention 1999.

11. Personal jurisdiction exists over Emirates by virtue of its ongoing business dealings and contacts in the Commonwealth of Massachusetts, where it operates flights, with arriving and departing flights in the Commonwealth of Massachusetts on a regular basis.

## COUNT I

### Plaintiff's Claim for Personal Injuries Pursuant to Articles 17 and 21 of the Montreal Convention 1999

12. Plaintiff repeats and re-alleges paragraphs 1 through 11 of this Complaint as if each were entirely set forth herein.

13. On July 19, 2022, the plaintiff was a passenger traveling from Dubai to Boston, Massachusetts on board Emirates journey flight EK0237.

14. During the in-flight meal process, a flight attendant lost control of a service cart and struck Plaintiff's left knee, causing severe injuries requiring medical treatment.

15. Plaintiff sustained bodily injuries as a result of an "accident" while onboard Emirates' aircraft, within the meaning of Article 17 of the Montreal Convention 1999.

16. Pursuant to the provisions of Article 17 of the Montreal Convention 1999, Emirates is liable for damages sustained by the plaintiff as a result of the injuries she suffered from the accident on board flight EK0237 on July 19, 2022.

17. The plaintiff's injuries occurred as a result of Emirates negligence or other wrongful act within the meaning of Article 21 of the Montreal Convention 1999, and Emirates is therefore liable for damages exceeding 128,821 Special Drawing Rights as provided in Article 21 as amended December 28, 2019.

18. Emirates, acting by and through its employees and agents of flight EK0237, failed to take all reasonably necessary precautions to prevent the incident that resulted in plaintiff's injury during

flight EK0237 on July 19, 2022.

19.     As a direct and proximate result of the foregoing, plaintiff suffered severe and permanent injuries, was rendered unable to meaningfully engage in his usual occupation and activities, and suffered physical pain and mental suffering.

20.     As a direct and proximate result of the foregoing, plaintiff is entitled to recover all elements of damages allowable under law, including damages for the following: medical expenses; loss of impairment of earning capacity; economic losses; physical and mental pain and suffering; and all other damages recoverable under the laws of damages applicable to this action.

**WHEREFORE**, the plaintiff demands judgment against the defendant, in an amount that provides full and fair compensation for the injuries and damages suffered, plus interest and costs.

Respectfully submitted,
Plaintiff, Suhail Bashir
By his Attorney

/s/ *Joseph R. Young, Esq.*
Joseph R. Young (BBO #678527)
David D. Dishman (BBO #126210)
DISHMAN LAW PC
224 Lewis Wharf
Boston, MA 02110
617-523-5252
jryoung@dishmanlaw.com

DATED: June 11, 2024